UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MOEZ ALI NOOR** ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| VS. ) | Civil Action No.  SA-08-CA-319-XR |
| ) | |
| **GARY GOMEZ, as Warden of the South** ) | |
| **Texas Detention Complex of the GEO** ) | |
| **Group, Inc.,** *et al*. ) | |
| ) | |
|    Respondents. ) | |

**ORDER**

This case concerns an immigrant who federal immigration authorities allege illegally entered the country twice, making him deportable through the expedited procedures provided for under 8 U.S.C. § 1231(a)(5). Petitioner filed an application for writ of habeas corpus, along with a motion for temporary restraining order and injunctive relief (Docket No. 2). Respondents followed with a motion to dismiss (Docket No. 14). The parties dispute this Court's jurisdiction to entertain Petitioner's habeas petition, as well as what the substantive outcome of that petition should be. Having considered the briefings and the applicable statutory and case law, the Court finds that it does not have jurisdiction over the habeas petition and GRANTS Respondents' motion to dismiss on that ground.

**Précis**

Petitioner, a 44 year old citizen of Pakistan, illegally entered the United States near Blaine, Washington around November 9, 1985 without submitting himself to inspection by an immigration officer. He was later charged with entering the United States without inspection in

violation of 8 U.S.C. § 1325(a)(2). After being placed in removal proceedings, he, through counsel, entered into a stipulated removal order on January 22, 1988. On January 26, 1988, Petitioner was removed from the United States.

In September 1995, Petitioner returned to the United States using a passport and visitor visa belonging to Moiz Ahmed Amir.[1] An immigration officer in Los Angeles inspected him and permitted his entry into the country.

Thereafter, Petitioner overstayed his visa, married a lawful permanent resident, and resided with his wife and their two teenage daughters until Immigration and Customs Enforcement (ICE) officers apprehended him on March 27, 2008 and placed him in custody at the South Texas Detention Complex in Pearsall, Texas. ICE officials determined that Petitioner had previously been removed, that his current entry was illegally obtained through misrepresentation, and issued a notice of intent to reinstate the prior removal order under 8 U.S.C. § 1231(a)(5).

Petitioner filed a letter of contest with ICE officials on April 8, 2008 stating that if they wished to remove him, they must adhere to the procedures set forth in 8 U.S.C. § 1229a. According to Petitioner, Respondents' authority to employ the expedited proceedings prescribed in § 1231(a)(5) expired five years after the effectuation of the first removal order. Petitioner further contends that his misrepresentation of his identity to immigration officials upon his second entrance into the country did not make such entry "illegal" for purposes of § 1231(a)(5).

Having received no response to this letter, Petitioner filed his habeas petition and motion for preliminary injunctive relief seeking his release from detention and an order requiring that

---

[1] Petitioner's name is Moez Ali Noor.

ICE officials comply with the removal procedures provided for in 8 U.S.C. § 1229a, rather than proceed with the expedited removal process permitted under § 1231(a)(5).

**Analysis**

<u>Jurisdiction</u>

The threshold inquiry for the Court is whether it has jurisdiction to entertain Petitioner's requests for habeas relief. In 2005, Congress passed the REAL ID Act, which in pertinent part states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.[2]

Included within the aforementioned chapter is 8 U.S.C. § 1231(a)(5), which reads:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

The combination of these two statutory provisions makes evident that the key jurisdictional inquiry is whether ICE officials, acting as agents of the Attorney General, have issued a restatement of removal order. Petitioner alleges no such order has been issued, asserting that a May 1, 2008 letter from ICE Field Office Director Marc Moore does not qualify as a removal order.[3]

---

[2] 8 U.S.C. § 1252(a)(5).

[3] This letter can be found at Docket No. 14, Exhibits at 27.

Petitioner's assertion, however, is a red herring. Respondents do not contend that the May 1 letter constitutes a removal order, but rather, refer to a March 27, 2008 "Notice of Intent/Decision to Reinstate Prior Order" as the removal order.[4] At the bottom of that document, Supervisory Deportation Officer Dennis Garner announced that:

> Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.[5]

In the 2006 case of *Ramirez-Molina v. Ziglar*, the Fifth Circuit considered the reinstatement of a removal order in a similar case, where the reinstatement order appears to have been issued via the same form used in this case.[6]  There, the Fifth Circuit observed that "the INS issued a **Notice of Intent/Decision to Reinstate Prior [Removal] Order** pursuant to 8 U.S.C. § 1231(a)(5), which authorizes such reinstatement by the Attorney General when an alien illegally reenters after being removed."[7] The Court never questioned that the Notice of Intent/Decision to Reinstate Prior Order constituted a removal order.

Because the March 27, 2008 order issued by ICE in this case appears to have been the same form order issued in *Ramirez-Molina*, and because the Fifth Circuit treated that order as a reinstatement of a removal order, this Court does the same. Therefore, the Court finds that ICE

---

[4] *See* Docket No. 19 at 4-5; Docket No. 14 at 24.

[5] Docket No. 14 at 24. Section 241(a)(5) of the Immigration and Nationality Act is codified as 8 U.S.C. § 1231(a)(5).

[6] 436 F.3d 508 (5th Cir. 2006).

[7] *Id*. at 511 (emphasis added).

issued a reinstatement of a removal order for Petitioner on March 27, 2008.[8] Because 8 U.S.C. § 1252(a)(5) allows a petitioner's challenge of a removal order to be considered only by a federal court of appeals, the Fifth Circuit Court of Appeals is the proper court for Petitioner to apply to for the habeas relief that he seeks.

This result is consistent with the one reached by the Fifth Circuit in *Ramirez-Molina*.[9] In that case, like this one, petitioner challenged the reinstatement of a prior removal order under § 1231(a)(5) on due process grounds.[10] The District Court determined that it had jurisdiction and granted petitioner the habeas relief he sought. Upon appeal, the Fifth Circuit "reverse[d] the district court's finding of habeas jurisdiction and convert[ed] the instant habeas appeal into a

---

[8] Petitioner argues that a removal order must meet the requirements set forth in 8 U.S.C. § 1101(a)(47)(A) and (B). The first part of this statutory text states that "the term 'order of deportation' means the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, concluding that the alien is deportable or ordering deportation."

Part (B) provides that the "order described under subparagraph (A) shall become final upon the earlier of: (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." From this language, Petitioner contends that a removal order must be issued by an Immigration Judge or the Board of Immigration Appeals. *See* Docket No. 16 at 5-6.

Such a reading, however, is insupportable. § 1231(a)(5) makes clear that it is the Attorney General who makes the decision to reinstate the prior removal order. Furthermore, as the regulations to § 1231(a)(5) state, "the alien has no right to a hearing before an immigration judge in such circumstances." 8 C.F.R. § 241.8(a).

[9] Petitioner does not address *Ramirez-Molina* in its briefing, choosing to focus instead on *Sifuentes-Barraza v. Garcia*, 252 F. Supp. 2d 354 (W.D. Tex. 2003). Decided before the enactment of the REAL ID Act and the Fifth Circuit's decision in *Ramirez-Molina* interpreting that Act, it appears that our holding in *Sifuentes* that a district court (as opposed to a court of appeals only) had jurisdiction to consider a habeas petition challenging the reinstatement of a prior removal order is no longer good law.

[10] Petitioner contended that the "reinstatement proceedings were in violation of due process because they were initiated on the basis of an invalid removal order." *Ramirez-Molina*, 436 F.3d at 511.

petition for review."[11]

Finally, as to Petitioner's argument that Respondents have no authority to detain him, statutory law maintains just the opposite. 8 U.S.C. § 1231(a)(2) says "during the removal period, the Attorney General shall detain the alien." Short of considering the merits of Petitioner's removal arguments, which this Court lacks jurisdiction to do, the Court finds no authority for challenging Respondents' detention of Petitioner at this time.

## Conclusion

Therefore, finding that it has no jurisdiction to further entertain Petitioner's habeas petition, the Court GRANTS Respondents' motion to dismiss and denies Petitioner's motion for injunctive relief. The Clerk is instructed to close the case.

It is so ORDERED.

SIGNED this 13th day of June, 2008.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[11] *Id*. at 513. While the circuit court noted that "there was some confusion with regard to whether we should convert the habeas petition into a petition for review of the original 1999 removal order or of the reinstatement of that order," it concluded that "although the validity of the 1999 removal order is thus central to the claims, it is the INS's decision to reinstate that order that is the subject of direct attack." *Id*. at 513, n. 4.

Likewise, Petitioner in this case makes clear that he does not "request the Court to reopen or review the merits of the underlying removal order." Docket No. 1 at 5. Rather, as in *Ramirez-Molina*, he challenges the legality of the Government's attempted reinstatement of a prior deportation order. *See Id*. at 8.