UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MOEZ ALI NOOR**  )<br> )<br>    Petitioner,  )<br> )<br>VS.   )<br> )<br>**GARY GOMEZ, as Warden of the South**  )<br>**Texas Detention Complex of the GEO**  )<br>**Group, Inc.,** *et al*.  )<br> )<br>    Respondents.  ) | Civil Action No.  SA-08-CA-319-XR |

**ORDER**

  This case concerns an undocumented immigrant who federal immigration authorities allege illegally entered the country twice, making him deportable through the expedited procedures provided for under 8 U.S.C. § 1231(a)(5). Petitioner filed an application for writ of habeas corpus, along with a motion for temporary restraining order and injunctive relief. Respondents followed with a motion to dismiss. The Court granted the motion to dismiss on the grounds that it lacked jurisdiction to entertain Petitioner's habeas petition. (*See* Docket No. 20). Petitioner filed a Motion to Amend or to Alter Judgment (Docket No. 22), contending that the Court erred in its jurisdictional finding. Respondents followed with a response opposing the motion.

  Having considered the briefings and the applicable statutory and case law, the Court affirms its finding that it does not have jurisdiction over the habeas petition and DENIES Petitioner's motion for reconsideration.

**Précis**

Petitioner, a 44 year old citizen of Pakistan, illegally entered the United States near Blaine, Washington around November 9, 1985 without submitting himself to inspection by an immigration officer. He was later charged with entering the United States without inspection in violation of 8 U.S.C. § 1325(a)(2). After being placed in removal proceedings, he, through counsel, entered into a stipulated removal order on January 22, 1988. On January 26, 1988, Petitioner was removed from the United States.

In September 1995, Petitioner returned to the United States using a passport and visitor visa belonging to Moiz Ahmed Amir.[1] An immigration officer in Los Angeles inspected him and permitted his entry into the country.

Thereafter, Petitioner overstayed the visa, married a lawful permanent resident, and resided with his wife and their two teenage daughters until Immigration and Customs Enforcement (ICE) officers apprehended him on March 27, 2008 and placed him in custody at the South Texas Detention Complex in Pearsall, Texas. ICE officials determined that Petitioner had previously been removed, that his current entry was illegally obtained through misrepresentation, and issued a notice of intent to reinstate the prior removal order under 8 U.S.C. § 1231(a)(5).

Petitioner filed a letter of contest with ICE officials on April 8, 2008 stating that if they wished to remove him, they must adhere to the procedures set forth in 8 U.S.C. § 1229a. According to Petitioner, Respondents' authority to employ the expedited proceedings prescribed in § 1231(a)(5) expired five years after the effectuation of the first removal order. Petitioner further contends that his misrepresentation of his identity to immigration officials upon his second entrance into the

---

[1] Petitioner's name is Moez Ali Noor.

country did not make such entry "illegal" for purposes of § 1231(a)(5).

Having received no response to this letter, Petitioner filed his habeas petition and motion for preliminary injunctive relief seeking his release from detention and an order requiring that ICE officials comply with the removal procedures provided for in 8 U.S.C. § 1229a.

**Analysis**

Motion for Reconsideration - Standard of Review

FED. R. CIV. P. 59(e) governs Petitioner's motion for reconsideration. A motion to alter or amend judgment under this Rule "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."[2] It "cannot be used to raise arguments which could, and should, have been made before the judgment issued."[3]

Jurisdiction

> 8 U.S.C. § 1231(a)(5) reads:
>
> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

The statute makes clear that it is an executive branch officer who makes the decision whether a person has reentered the United States illegally after having been removed or having departed under a prior order of removal. In this case, a supervisory deportation officer reached such a conclusion, as memorialized by the Notice of Intent/Decision to Reinstate Prior Order

---

[2] Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003).

[3] *Id*.

issued on March 27, 2008.[4] As provided for in the REAL ID Act, the only forum in which Petitioner can challenge an order of removal issued under 8 U.S.C. § 1231(a)(5) is a court of appeals, which in this instance, is the Fifth Circuit Court of Appeals.[5]

Therefore, the only path available for Petitioner to argue that this Court has jurisdiction to hear his petition is the one that asserts that the Government has not issued a final order of removal. Such argument, however, must fail, as the Fifth Circuit recently considered the very type of Notice of Intent/Decision to Reinstate Prior Order that is present in this case, never doubting that such an order qualified as a final removal order.[6]

Nevertheless, Petitioner argues that such a determination is incompatible with 8 U.S.C. § 1101(a)(47)(A) and (B). The first part of this statutory text states that "the term 'order of deportation' means the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, concluding that the alien is deportable or ordering deportation."

Part (B) provides that the "order described under subparagraph (A) shall become final

---

[4] *See* Docket No. 14, Exhibits at 24.

[5] 8 U.S.C. § 1252(a)(5) provides:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

The Court notes that 8 U.S.C. § 1231(a)(5) is included within the aforementioned chapter.

[6] *See* Ramirez-Molina v. Ziglar, 436 F.3d 508 (5th Cir. 2006).

upon the earlier of: (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." From this language, Petitioner contends that a final removal order can only be issued by an immigration judge or the Board of Immigration Appeals.

Petitioner's position, however, squarely contradicts the language and purpose of 8 U.S.C. § 1231(a)(5). That provision plainly states that "if the **Attorney General** finds" that someone has illegally reentered the United States, the prior removal order is reinstated and that the person accused of reentering the United States " **is not eligible and may not apply for any relief under this chapter**."[7] As the regulations to this statutory code spell out, "the alien has no right to a hearing before an immigration judge."[8]

Thus, for Petitioner's argument to prevail, the Court would have to ignore the stated language of § 1231(a)(5). That provision unequivocally seeks to deny review by an immigration judge to an undocumented immigrant who an immigration officer determines is covered by the statute's terms. According to Petitioner, however, for such decision to attain the appellation of a final removal order, it must first be subjected to review by an immigration judge. Such assertion cannot stand, for if the latter proposition were true, the former would be devoid of meaning.

Instead of depleting one clear congressional statute of its meaning at the expense of another, the Court chooses to read the two provisions harmoniously. 8 U.S.C. § 1101(a)(47)(B) states that a removal order "shall become final upon the earlier of: (i) a determination by the Board of Immigration Appeals affirming such order; **or** (ii) the expiration of the period in which

---

[7] 8 U.S.C. § 1231(a)(5) (emphasis added).

[8] 8 C.F.R. § 241.8(a).

the alien is permitted to seek review of such order by the Board of Immigration Appeals."[9] Under 8 U.S.C. § 1231(a)(5), an undocumented immigrant has no right to seek review of a reinstated removal order by either an immigration judge or the Board of Immigration Appeals. Therefore, the expiration of such period for review is coterminous with the executive branch official's reinstatement order, converting such decision into a final removal order at the moment of its issuance.

Although Petitioner cites *I.N.S. v. St. Cyr*[10] for the proposition that a federal district court maintains jurisdiction over a habeas petition absent a "clear statement" of Congress to the contrary, Congress has since provided such clear statement in the form of 8 U.S.C. § 1252(a)(5). Because the March 27, 2008 reinstatement order constitutes a final removal order, 8 U.S.C. § 1252(a)(5) makes clear that any challenge to it can only be considered by the Fifth Circuit.

As for the remainder of Petitioner's jurisdictional arguments, the Court finds them either unfounded or directed not toward jurisdiction, but toward the substantive merits of the case.[11] Concerning the latter, the Fifth Circuit Court of Appeals, not this Court, is the proper forum for

---

[9] Emphasis added.

[10] 533 U.S. 289 (2001).

[11] Petitioner seems to assert that his challenges to whether his reentry was illegal for purposes of 8 U.S.C. § 1231(a)(5) are jurisdictional. The Court disagrees. Once the Attorney General or his agent makes a determination to reinstate a prior order of removal under this provision, a final order of removal issues, activating 8 U.S.C. § 1252(a)(5), which requires that any challenges to a removal order be presented to the court of appeals. Thus, while Petitioner may challenge the immigration officer's legal right to reinstate the prior order of removal, such challenge may only be brought before a court with jurisdiction to hear it, which this Court does not possess.

their consideration.[12]

As a result, Petitioner's motion for reconsideration is DENIED.

It is so ORDERED.

SIGNED this 17th day of July, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[12] Petitioner appears to concede as much, albeit perhaps inadvertently. He cites to the Fifth Circuit's decision in *Ramirez-Molina*, where the Court holds that "**federal courts of appeals** have jurisdiction . . . to consider, on petition for review, constitutional claims and questions of law with regard to [removal] orders on a petition for review." Docket No. 22 at 8 (emphasis added). Petitioner then announces that his "case presents constitutional claims and a question of law regarding whether his 1998 order of deportation is a valid order for the purpose of reinstatement." *Id*. at 8-9. Applying the cited language from *Ramirez-Molina* to Petitioner's subsequent declaration, it is clear that the Fifth Circuit, not this district court, is the court of proper jurisdiction.